2011 UT App 313

**Shayne E. TODD, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20110555–CA.**

Court of Appeals of Utah.

Sept. 15, 2011.

---

Shayne E. Todd, Draper, Appellant Pro Se.

Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Shayne E. Todd appeals the dismissal of his petition for post-conviction relief. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 In 1999, Todd had an altercation with his estranged wife, Stephanie Todd, during which he shot and killed her. Subsequently, after a jury trial in 2001, Todd was convicted of murder. We affirmed the conviction in 2007. *See State v. Todd,* 2007 UT App 349, 173 P.3d 170.

¶ 3 In April 2009, Todd filed his first petition for post-conviction relief, which was dismissed as a result of his failure to pay the filing fee. Todd filed a substantially identical petition in March 2010. The district court dismissed some claims as frivolous and addressed only claims one and seven of Todd's petition on the merits. Claim one alleged that the verdict was a "patchwork verdict" that denied Todd his right to a unanimous verdict and violated his rights to due process and a fair trial. The gist of Todd's claim was that the jury was instructed that criminal homicide constitutes murder if the actor (a) intentionally or knowingly caused the death of another; *or* (b) intending to cause serious bodily injury to another commits an act clearly dangerous to human life that causes the death of another; *or* (c) acting under circumstances evidencing a depraved indifference to human life, knowingly engages in conduct which creates a grave risk of death to another and thereby causes the death of another. *See* Utah Code Ann. § 76–5–203(2)(a)–(c) (Supp.2011). Todd claimed that the jury should have been instructed that it must unanimously agree on a specific subsection of the murder statute. Claim seven alleged ineffective assistance of both trial and appellate counsel for failing to raise thirteen enumerated claims.

¶ 4 The post-conviction court's decision reasoned that all of the remaining, non-frivolous claims should have been raised at trial or on appeal. *See* Utah Code Ann. § 78B–9–106(b) & (c) (Supp.2011) (precluding relief upon any ground that "was raised or addressed at trial or on appeal" or "could have

been but was not raised at trial or on appeal"). Therefore, the court considered the claims only in the context of the claim of ineffectiveness of trial and appellate counsel. *See id.* § 78B–9–106(3) (allowing a petitioner to assert a ground that could have been but was not raised at trial or on appeal "if the failure to raise that ground was due to ineffective assistance of counsel").

¶ 5 In response to our sua sponte motion, Todd largely ignores the content of the post-conviction court's decision and reargues a defense that the shooting of his estranged wife was accidental. Liberally construed, the response addresses the claim from the post-conviction petition that the jury instructions allowed a "patchwork verdict" because the jurors could have chosen different subsections stating the possible mens rea for murder. The post-conviction court concluded that the patchwork verdict claim lacked merit. The post-conviction court noted that the Utah Supreme Court stated in *State v. Saunders,* 1999 UT 59, 992 P.2d 951, that under a limited exception to jury unanimity applicable to the murder statute, a "jury need not unanimously agree on which of three possible formulations of the necessary mens rea had been proved as long as all jurors agreed that at least one of the three had been proved." *Id.* at ¶ 59, n. 3 (citing *State v. Russell,* 733 P.2d 162, 165–69 (Utah 1987)). Elsewhere, the *Saunders* opinion explained that *State v. Russell,* 733 P.2d 162 (Utah 1987), addressed "the necessity of unanimity in a second degree murder case that involved slight variations of the mens rea, which under the common law from which the second degree murder concept had emerged, had been dealt with simply as the single concept of 'malice aforethought.'" *Id.* ¶ 61. Because the "patchwork verdict" claim lacks merit under Utah law, the post-conviction court did not err in concluding that Todd's counsel was not ineffective by failing to raise it.

¶ 6 None of Todd's remaining arguments on appeal are directed to the substance of the decision being appealed. Instead, he argues that the conviction is invalid because the shooting of his wife was accidental. That claim was not raised in the post-conviction petition. Furthermore, it would have been subject to preclusion as a claim that should have been raised on direct appeal. *See* Utah Code Ann. § 78B–9–106(1). In addition, Todd attempts to reargue in this appeal from the denial of his post-conviction petition the same arguments related to prosecutorial misconduct that were raised and addressed in his direct appeal. *See generally State v. Todd,* 2007 UT App 349, 173 P.3d 170. These claims were not asserted in the petition for post-conviction relief and are also precluded because they were raised and addressed on direct appeal. *See* Utah Code Ann. § 78B–9–106(1)(b).

¶ 7 Accordingly, we affirm.