2016 UT App 232

## THE UTAH COURT OF APPEALS

SHAYNE E. TODD,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160745-CA
Filed November 25, 2016

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 150908512

Shayne E. Todd, Appellant Pro Se

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N. MORTENSEN.

PER CURIAM:

¶1    Shayne E. Todd appeals the August 24, 2016 order resolving seven submissions filed on August 9, 2016, following the dismissal of his petition for post-conviction relief in a July 19, 2016 memorandum decision and order. The case is now before this court on a sua sponte motion for summary disposition. We affirm.

¶2    In 1999, Todd shot and killed his estranged wife. Todd was convicted of murder, a first degree felony, and possession of a dangerous weapon by a restricted person, a second degree felony. He pleaded guilty to the weapons charge prior to the jury trial on the murder charge. Todd pursued a direct appeal, which raised claims of prosecutorial misconduct related to his murder conviction. This court affirmed the conviction in *State v. Todd*, 2007 UT App 349, ¶ 1, 173 P.3d 170. This court also affirmed the

dismissal of Todd's first petition for post-conviction relief, *see Todd v. State*, 2011 UT App 313, ¶ 7, 262 P.3d 1222 (per curiam), and affirmed the denial of a motion to correct an illegal sentence, *see State v. Todd*, 2013 UT App 231, ¶ 1, 312 P.3d 936.[1]

¶3    The district court dismissed Todd's second petition for post-conviction relief in the underlying case in a memorandum decision and order dated July 19, 2016. In that decision, the district court found that the claims raised in the petition were either frivolous or had already been adjudicated in previous proceedings. *See* Utah R. Civ. P. 65C(h)(1) ("[I]f it is apparent to the court that any claim has been adjudicated in a prior proceeding, or if any claim in the petition appears frivolous on its face, the court shall forthwith issue an order dismissing the claim . . . ."). Todd did not file a timely notice of appeal from the July 19, 2016 order. Instead, on August 9, 2016, he filed seven submissions in the district court, including (1) a motion to reconsider and vacate the dismissal of his post-conviction petition; (2) a motion to withdraw his guilty plea to the weapons charge; (3) a supplemental declaration in support of the post-conviction petition; (4) a memorandum in support of the request for reconsideration of the dismissal of his post-conviction petition; (5) a letter to the court; (6) a motion seeking leave to amend the post-conviction petition; and (7) an amended memorandum in support of the motion to amend the post-conviction petition.

---

1. In 2012, this court summarily affirmed by order the district court's denial of Todd's second motion to correct an illegal sentence in case number 20120536-CA. In 2015, this court summarily affirmed by order the district court's denial of Todd's third motion to correct an illegal sentence in case number 20140715-CA.

¶4 In the August 24, 2016 order, the district court considered the seven submissions filed on August 9, 2016. The district court stated that although Todd alluded to newly discovered evidence, he failed to demonstrate that any new evidence existed. The district court denied the motions, stating that Todd "again makes stale arguments regarding his plea, the jury's findings, and the sentence by the Board of Pardons."

¶5 Todd's August 30, 2016 notice of appeal stated that the appeal was taken from the August 24, 2016 order, as did the docketing statement filed in this court. However, in response to the sua sponte motion for summary disposition, Todd claims that his appeal is taken from the July 19, 2016 memorandum decision and order dismissing his petition for post-conviction relief. Because the notice of appeal filed on August 30, 2016 was not timely filed within thirty days after entry of the July 19, 2016 memorandum decision and order, we lack jurisdiction to consider it. *See* Utah R. App. P. 4(a). Furthermore, none of the submissions on August 9, 2016, operated to extend the time for appeal. *See id.* 4(b); *see also Gillett v. Price*, 2006 UT 24, ¶ 7, 135 P.3d 861 ("[R]egardless of the motion's substance, postjudgment motions to reconsider and other similarly titled motions will not toll the time for appeal because they are not recognized by our rules.").

¶6 Accordingly, the issues before this court on appeal are limited to whether the district court erred in denying the seven submissions filed on August 9, 2016. However, Todd's response to the sua sponte motion addresses neither the content nor the effect of the district court's decision and reargues claims that have been made in his previous filings, including reasserting his defense at the jury trial that his wife's shooting was accidental. None of Todd's arguments are directed to the substance of the August 24, 2016 order being appealed nor are they directed to the claims that were actually raised in his most recent petition for post-conviction relief.

¶7    Much of Todd's response argues that the Utah Board of Pardons and Parole (the Board) inappropriately calculated his consecutive sentences because his actual aggregate sentence is statutorily limited. Even if Todd's claim on appeal is liberally construed as arguing that the district court erred in not allowing him to amend his post-conviction petition to challenge the actions of the Board, the claim lacks merit. Any claim directed to the Board's actions must be asserted in a petition for extraordinary relief directed to the Board under rule 65B of the Utah Rules of Civil Procedure. *See* Utah R. App. P 65B(d). For that reason, the district court did not err in denying reconsideration of its dismissal of the post-conviction petition in denying a motion to amend the petition to add a procedurally inappropriate claim against the Board or to assert claims that have been the subject of prior proceedings.

¶8    In support of his request to vacate the dismissal of his post-conviction petition filed roughly fifteen years after his convictions, Todd argues that his most recent petition is based upon newly discovered evidence. In sum, Todd asserts that because he raised claims in his recent filings that were not raised on appeal or in his prior petitions and have not been adjudicated, those claims constitute new evidence. However, the preclusion provisions of the Post-Conviction Remedies Act (PCRA) are not limited to claims that were actually raised on appeal or in previous post-conviction petitions and extend to claims that could have been, but were not, raised on appeal or in a previous post-conviction petition. *See* Utah Code Ann. § 78B-9-106(c), (d) (LexisNexis 2012). The district court did not err in determining that Todd failed to demonstrate any new evidence that was not known to him at the time he filed his direct appeal or his previous post-conviction petition.

¶9    The district court did not err in refusing to consider an untimely motion to withdraw his guilty plea to the weapons charge, because the district court lacked jurisdiction to consider

it.[2] Furthermore, although the second petition for post-conviction relief included claims that might be construed as challenges to his guilty plea under the PCRA, Todd did not file a timely appeal from the dismissal of the petition. To the extent that Todd sought reinstatement of the time to appeal the conviction on the weapons charge, such a claim must be pursued in an appropriate motion under rule 4(f) of the Utah Rules of Appellate Procedure and not in a petition for post-conviction relief.

¶10 None of Todd's remaining arguments in this appeal are directed to the subject of the August 24, 2016 order, which is the subject of this appeal. Instead, he again argues that his murder conviction was invalid because the shooting of his wife was accidental. Even if the claim had been properly raised in the post-conviction petition, it would have been subject to preclusion as a claim that should have been raised on direct appeal. *See id.* § 78B-9-106(1)(c). Similarly, any claims related to alleged prosecutorial misconduct are precluded because they were raised and addressed on direct appeal. *See id.* § 78B-9-106(1)(b).

¶11 Accordingly, we affirm the district court's August 24, 2016 order denying relief based upon the seven submissions Todd filed on August 9, 2016.

———————————

2. When Todd entered his guilty plea, the relevant statute would have required a motion to withdraw a guilty plea to be made within thirty days after the entry of the plea. *See* Utah Code Ann. § 77-13-6(2)(b) (Lexis 1999).